No. 4417.

STATE ex rel. JOHN C. BACH *v.* LOUISIANA LEVEE COMPANY.

A party should not be listened to, when urging technical irregularities in the proceedings to which he was himself a party, in order that he should enrich himself at the expense of others.

APPEAL from the Eighth District Court, parish of Orleans *Dibble,* J. *Labatt & Aroni,* for relator and appellant. *A. Pitot* and *Semmes & Mott,* for respondent and appellee.

Justices concurring: Ludeling, Howell, Morgan.

LUDELING, C. J.   This is a proceeding by mandamus to compel the defendant to issue to him a certain proportion of the sixty thousand shares of stock, which he says has been illegally issued to various parties.

The capital of the company was originally three millions of dollars, represented by thirty thousand shares. Three thousand shares were to be used for incidental expenses; twenty-seven thousand shares were distributed between the twenty-seven incorporators, each receiving one thousand shares, " to be reimbursed for labor, time and money expended in the organization of the company," it is said.

The capital was afterwards raised to ten millions of dollars, and the balance of the unissued stock, seventy-three thousand shares, were given to Wilmans, under an agreement with him to furnish the means necessary to build the levees contracted for by the company.

Wilmans failed to comply with his contract, and he delivered his stock, minus thirteen thousand shares, to Governor Warmoth. The contract with Wilmans was declared annulled by the company, and his position as president of the company was declared vacant.

At this juncture Governor Warmoth threatened to cause proceedings to be instituted to forfeit* the contract of the company with the State, unless steps were taken by it to enable it to comply with its contract. On the twenty-second of November, 1871, a committee was appointed to prepare modifications of the charter. The modification to reduce the capital to 22,104 shares was agreed to at a meeting of the stockholders. A committee was then appointed to receive the Wilmans stock from Governor Warmoth. It had been previously agreed that the sixty thousand shares held by Governor Warmoth was to be equally distributed between twelve persons, John G. Gaines, D. F Kenner, Generes and others, who were to furnish three hundred thousand dollars cash to the company. But in order to compel the original twenty-seven incorporators to contribute their pro rata of money to the enterprise, it was stipulated that the stock should be made preferred stock by paying five dollars per share, and the preferred stock should be entitled to a dividend of twenty per cent before the ordinary

stock should receive any. This seems to have been approved by all parties, and the sixty thousand shares were accordingly issued to Gaines, Kenner and their associates, who seem to have complied with their part of the agreement. Mr. Bach appears to have approved of these proceedings, for he was one of the commissioners of election when the directors of the company were elected on the tenth of April, 1872.

We do not think he should be listened to, when urging technical irregularities in the proceedings to which he was himself a party, in order that he should enrich himself at the expense of others.

There is no equity in his demand, even if he could proceed by mandamus against the company to accomplish the object of his suit.

Our judgment is that there is no error in the judgment appealed from.

It is therefore ordered that the judgment of the district court be affirmed, with costs of appeal.